# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JAMES PERRY, )
)
      Plaintiff, )
)
v. ) Case No. 18-CV-539-TCK-FHM
)
SAFECO INSURANCE COMPANY )
OF AMERICA, )
)
      Defendant. )

## OPINION AND ORDER

Plaintiff's *Motion to Quash Safeco Insurance Company of America's Notice of Deposition of Patrick Wandres*, [Dkt. 53], is before the court for decision. The matter is fully briefed. [Dkts. 60, 61].

In this case Plaintiff claims that Defendant breached its insurance contract with Plaintiff by failing to pay underinsured motorist benefits and acted in bad faith by, among other things, delaying its handling of the claim. Defendant contends that it did not breach the contact or act in bad faith and that any delay was caused by Plaintiff's attorney. Defendant seeks to depose Plaintiff's attorney concerning his communications with Defendant concerning the claim, including Plaintiff's paid versus incurred medical bills, bill reductions, and whether UIM was "triggered."

Taking the deposition of an opponent's attorney, either trial counsel or general counsel, often encumbers the case with burdensome collateral issues which unnecessarily increase the cost of litigation and delay the progress of the case. In *Boughton v. Cotter Corp.,* 65 F.3d 823 (10th Cir. 1995), the Court considered whether the trial court abused its discretion by entering a protective order against the deposition of opposing counsel.

The trial court found that taking the deposition of opposing counsel affects the quality of representation, adds to the burdensome time and costs of litigation, and results in delays to resolve collateral issues raised by the attorney's testimony. *Id.* at 829. The Tenth Circuit ruled that the trial court did not abuse its discretion in granting a protective order to protect defendants from an unnecessary burden. The Court approved of the criteria set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) which held that depositions of opposing counsel should be limited to circumstances where it has been shown that: 1) no other means exist to obtain the information than to depose opposing counsel; 2) the information sought is relevant and nonprivleged; and 3) the information is crucial to the preparation of the case. *Boughton*, 65 F.3d at 829. The Tenth Circuit ruled that a trial court has the discretion to issue a protective order where any one or more of the *Shelton* criteria are not met. *Id.* at 830.

Defendant has not established that no other means exists to obtain the information than to depose Plaintiff's attorney. Defendant was a party to the communications and can present its witnesses to testify about the communications. To the extent Defendant argues they want to discover "the reasons" for Plaintiff's attorney's actions, "the reasons" for Plaintiff's attorney's actions are not relevant to the case.

Plaintiff's *Motion to Quash Safeco Insurance Company of America's Notice of Deposition of Patrick Wandres*, [Dkt. 53], is GRANTED.

SO ORDERED this 31st day of October, 2019.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE